UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| STRYKER EMPLOYMENT COMPANY, LLC, | Case No. 1:25-cv-00950 |
| Plaintiff, | HON. PAUL MALONEY |
| v | |
| DUSTIN GRIFFIN, | |
| Defendant. | |

## STIPULATED PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), the following Protective Order shall govern the handling of all discovery in the above-captioned case (the "Litigation"):

1. **Scope of Order**. This Protective Order (the "Order") shall govern the use and disclosure of all confidential, proprietary or trade secret information ("Protected Information") produced by or on behalf of any party, provided by third parties or furnished by any person associated with any party in any pleading, deposition, interrogatory, request for admission, document production, or any other disclosure or discovery proceeding in the Litigation until further order of the Court. Any documents or information produced in discovery shall only be used for the purposes of this Litigation (including any appeals or retrials) and Protected Information used only as provided in this Order.

Protected Information shall include, *inter alia*, any document or thing that the producing party believes in good faith constitutes or embodies matter used by it in or pertaining to its business, which matter is not generally known, and which the producing party would not normally reveal to third parties or which it would cause third parties to maintain in confidence. Protected

Information may include, but is not limited to, technical information such as product design and manufacturing techniques or processing information, computer code, formulae, research and development information, customer lists, business development, business strategy, marketing, sales, staffing, personnel data, salary information, benefit information, information provided by customers which is subject to confidentiality agreements with customers, cost, pricing, and/or profit information, forecasts, plans, methods and/or models, information within the definition of trade secret as set forth in the Michigan Uniform Trade Secrets Act and/or the Defend Trade Secrets Act, any other information that would qualify as confidential pursuant to any other legal standard applicable to matters pending before this Court, and information subject to a legally protected right of privacy. Protected Information further includes, without limitation, any trade secrets or other confidential information extracted or derived from Protected Information. The fact that a producing party believes that information constitutes Protected Information is not an admission by the non-disclosing party (or parties) that such information is confidential, proprietary, or trade secret information.

    2.    **Confidentiality Designations**. Any party producing information in relation to this Litigation may designate any document, information, or discovery response, produced in this case as protected by marking each page of it at or before the time of production or exchange with the legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY." Such designations may also be made in the course of depositions. All "CONFIDENTIAL" designations must be based on the good faith belief that the information constitutes (a) proprietary or sensitive business, personal or financial information, or (b) information subject to a legally protected right of privacy. All "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designations must be based

on the good faith belief that the information constitutes highly sensitive business or commercial information.

3. **Undertaking**. Any documents or materials marked "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be held in confidence by each person to whom they are disclosed according to the procedures set forth in this Order; shall be used only for purposes of this Litigation (and any appeals therefrom); shall not be used for any business or commercial purpose; and shall not be disclosed to any person who is not authorized to receive such information as provided herein. All documents or materials so marked shall be carefully maintained in secure facilities and access to such information, document, material, item, or thing shall be permitted only to persons properly having access thereto under the terms of this Order. The Court accepts no duty under this paragraph.

4. **Manner of Designation**

(a) The designation of documents or other materials shall be made by written notice in the documents or materials by affixing to it, in a manner that shall not interfere with its legibility, the words "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" on all pages or any part of the document or thing. Documents or information designated as "CONFIDENTIAL" before entry of this Order shall be treated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" within the meaning of this Order. The non-designating party may challenge any designation of confidentiality in accordance with Paragraph 10.

(b) Unless otherwise designated at a deposition, all deposition transcripts in this Litigation shall be treated by all parties as provisionally protected as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" for a period of fourteen (14)

calendar days following receipt of the transcripts. Within the 14-day period, any party may designate particular portions of a transcript as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" information by giving written notice of such designation to every other party to the Litigation.

5.     **Use of and Access to Confidential Information.**

(a)     **CONFIDENTIAL:** Except as set forth herein or in any subsequent order or by express written consent of counsel of record, no documents, things, or information designated as "CONFIDENTIAL" shall be, directly or indirectly, delivered, exhibited or disclosed to persons other than:

(i)     The Court, or any Court personnel;

(ii)    Court Reporters employed in connection with the Litigation;

(iii)   Counsel for the parties in this proceeding and other attorneys, paralegals, law clerks, or clerical staff working with those attorneys;

(iv)    (1) any party to the Litigation, including employees of a party who (i) have decision making authority for the party in this litigation, or (ii) are actively engaged in assisting that party's outside attorneys in the conduct of the Litigation; and (2) any non-party witness at a deposition, hearing, or trial, if (i) it appears from the face of the document, or from other documents or testimony, to have been used by the witness, received by the witness, or properly communicated to the witness; or (ii) if the witness is employed by the producing party;

(v)     Any expert or Technical Advisor retained by any party for the purposes of the Litigation, provided that said experts or Technical Advisors have executed a certification in accordance with Paragraph 7 below. "Technical

4

Advisor," as used herein, shall mean any person, including, but not limited to, a proposed expert witness or consultant, with whom counsel may deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof; provided, however, that no party, or person currently employed by the party, a non-litigation consultant to a party, or any competitor of a party shall so qualify hereunder as a Technical Advisor;

(vi) Mutually agreed upon mediators; or

(vii) Other persons who may be specifically designated by consent of all attorneys of record or pursuant to an order of the Court.

(b) **CONFIDENTIAL – ATTORNEYS' EYES ONLY**: Except as set forth herein or in any subsequent order of the Court or by express written consent of counsel of record, no documents, things or information designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be, directly or indirectly, delivered, exhibited or disclosed to persons other than:

(i) The Court or any Court personnel;

(ii) Court Reporters employed in connection with the Litigation;

(iii) Counsel for the parties in this proceeding and their paralegals, law clerks, and clerical staff who are providing active assistance with the Litigation;

(iv) Any bona fide expert or Technical Advisor retained by any party for the purposes of the Litigation, provided that said experts or Technical Advisors have executed a certification in accordance with Paragraph 7 below. "Technical Advisor," as used herein, shall mean any person, including, but not limited to, a proposed expert witness or consultant, with whom counsel may deem it necessary

to consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof; provided, however, that no party, or person currently employed by a party, a non-litigation consultant to a party, or any competitor of a party shall so qualify hereunder as a Technical Advisor;

(v) Any witness at a deposition, hearing, or trial, if it appears from the face of the document, or from other documents or testimony, to have been authored by the witness, or lawfully and properly used by, received by, or communicated to the witness; provided however that the witness under this subsection shall not be allowed to retain any copy of the document shown to the witness at the deposition, hearing or trial; or

(vi) Other persons who may be specifically designated by consent of all attorneys of record or pursuant to an order of the Court.

6. **Filing of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information**. Before filing anything designated by the other party as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in this matter, the parties shall meet and confer in good faith to determine whether such documents should be filed under seal, whether certain information should be redacted before filing, or whether the document can be filed without redaction or sealing. For any documents that a party asserts should be filed in whole or in part under seal, the filing party shall provisionally file a motion to file such documents under seal pursuant to W.D. Mich. LCivR 10.6. The designating party shall, within 7 days of filing, file a brief that sets out its basis for arguing that the documents may be filed under seal. The party arguing that the documents should be filed under seal shall have the burden of establishing the

propriety of the seal. The Court shall than determine whether the filed documents will remain sealed, in whole or in part, or be filed without seal.

7.     **Certification of Confidentiality**. Before giving any non-party witness, expert, or Technical Advisor access to information, documents, or things designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," the parties' Counsel who seeks to disclose such information to such non-party witness, expert, or Technical Advisor shall require that person to read and agree to be bound by this Order by signing the following certification:

> I certify my understanding that documents, information, answers, and responses are provided to me pursuant to the terms and restrictions of the Stipulated Protective Order in the action of *Stryker Employment Company, LLC v. Dustin Griffin*, Case No. 1:25-cv-00950 pending in the United States District Court for the Western District of Michigan. I have been given a copy of and have read that Stipulated Protective Order. I hereby agree to be bound by that Order.
>
> I have had the meaning and effect of the Stipulated Protective Order explained to me by counsel who provided me with the information. I understand that such information and documents, and any copies, any notes, or any other memoranda regarding such information and documents, shall not be disclosed to others except in accordance with the Stipulated Protective Order, and shall be used only for purposes of this proceeding, and not for any other purpose.
>
> I understand that a violation of the Stipulated Protective Order and/or this Certification is subject to sanctions including monetary and other relief the Court deems just. I agree to be subject to the jurisdiction of this Court.

Counsel for the party disclosing Protected Information requiring a Certification of Confidentiality under this section shall keep a list of all such persons and will make the list available to the party designating the information as Protected Information upon request of the designating party after the conclusion of the Litigation and only prior to the conclusion of the Litigation if good cause is shown.

8. **Safeguarding Confidential Information**. The recipient of any "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" material provided pursuant to this Order shall maintain such information in a secure and safe area and shall exercise due and proper care with respect to its storage, custody and use. The Court accepts no duty under this paragraph.

9. **Final Disposition**. Within ninety (90) days of the conclusion of the Litigation, including any appeals, all "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information furnished pursuant to the terms of this Order, and any notes reflecting Protected Information and all copies thereof, which are not in the custody of the Court, shall be returned to the party furnishing that Information or be destroyed (and certified by affidavit as having been destroyed) by the party in possession thereof, provided that counsel for the parties may retain their notes and any work product materials.

10. **Challenging Confidential Designation**. A party may oppose the designation of protected material at any time during the Litigation. The party opposed to the designation shall notify the designating party or producing party of the disagreement and attempt to resolve the matter through a meet and confer. If the matter cannot be resolved, the objecting party shall file a motion with the Court to resolve the designation dispute. The Party alleging that information is "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall bear the burden of persuasion in any hearing contesting the designation. Until the matter is resolved by the Court, all documents and materials with which a "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" designation is being challenged shall be treated in the confidential manner that they have been designated by the producing or designating party as prescribed in this Order. Upon request, the Court may at any time examine and review in camera any document

governed by the terms of this Order. The parties shall take all reasonable efforts to resolve any such disputes. The failure to object to any confidentiality designation by a producing party prior to the time of trial (or the filing of a dispositive motion) shall not constitute an admission by the non-producing party or parties that the document (or information contained therein) is proprietary, confidential, or a trade secret, nor constitute a waiver of the party or parties' right to contest the confidentiality or trade secret status of the document, exhibit, information, or evidence at trial (or in any dispositive motion). Prior to the time of trial in this matter, counsel for the parties will confer with the Court for the purpose of deciding how Protected Information introduced into evidence will be treated in the Court record and what protective instructions, if any, will be given to the jury regarding the Protected Information.

11. **Modification of Order.** Nothing in this Order shall preclude any party from applying to the Court for an appropriate modification of this Order.

12. **Use of Information**. Nothing in this Order shall limit the producing party or person from using its own documents and information in any fashion it may desire. This provision, however, is not intended to and does not modify any agreements between the parties or laws protecting against the use or disclosure of confidential or proprietary information.

13. **Inadvertent Production of Confidential Document**. The inadvertent production of any confidential, privileged or attorney work product documents shall be without prejudice to any claims that the document is confidential or privileged, and shall not constitute a waiver of any claim or privilege that may otherwise attach thereto or a general waiver of such claim or privilege. In each such case, the designating person shall provide to all other parties notice, either orally followed by written notice within five (5) business days or by written notice, of that subsequent designation and a copy of the document or thing marked in accordance with this paragraph. Upon

demand of the producing party, all copies of any inadvertently produced document shall be returned forthwith, and such documents shall not be introduced into evidence, or subject to production, in this or any other proceeding without the consent of the producing party.

      14.    **Production by Non-Parties**. The existence of this Protective Order shall be disclosed to any non-party producing documents or information in the Litigation who may reasonably be expected to desire confidential treatment of such information. Such non-parties may avail themselves of the protections of this Order.

      15.    **Limitations to Application**. The restrictions set forth in any of the paragraphs hereof with respect to information, documents, or things designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall not apply to:

      (a)    Any information, document, or thing which at the time of disclosure to a receiving party is in the public domain;

      (b)    Any information, document, or thing which after disclosure to a receiving party becomes part of the public domain as a result of publication not involving a violation of this Order; or

      (c)    Any information, document, or thing which a receiving party can show was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party.

**IT IS SO ORDERED.**

Dated: January 8, 2026                /s/ Ray Kent
                                          RAY KENT
                                          United States Magistrate Judge

**STIPULATED:**

 */s/ Andrea J. Bernard*
Andrea J. Bernard (P49209)
Jarrod H. Trombley (P83517)
WARNER NORCROSS + JUDD LLP
1500 Warner Building
150 Ottawa Ave., NW
Grand Rapids, Michigan 49503
616.752.2199
*abernard@wnj.com*
*jtrombley@wnj.com*

*Attorneys for Plaintiff*

*/s/ Eric A. Mahler w/ permission*
Eric A. Mahler (P66383)
OGLETREE DEAKINS, PLLC
34977 Woodward Avenue, Ste 300
Birmingham, MI 48009
*Eric.maher@ogletree.com*

*Attorneys for Defendant*